IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | CASE NO. 1:13 CV 1454 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Michael J. Harris for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Harris is currently incarcerated by the State of Ohio at the Mansfield Correctional Institution in Mansfield, Ohio.[3] He is serving a sentence of 30 years to life in prison imposed in April, 2009, by the Cuyahoga County Court of Common Pleas following Harris's convictions at bifurcated bench and jury trials in a consolidated case on charges of domestic violence, rape, kidnapping, importuning, and disseminating materials harmful to a minor.[4]

---

[1] The matter was referred to me under Local Rule 72.2 on July 16, 2013, by United States District Judge Patricia A. Gaughan in a marginal entry order.

[2] ECF # 1.

[3] *Id.* at 1.

[4] ECF # 7, Attachment (state court record) at 149-150 (state appeals court decision).

Harris raises three grounds for relief.[5] The State, in its return of the writ, argues that the petition should be dismissed as time-barred because it was filed more than two years after the conclusion of direct state review made his conviction final.[6] Although the vast majority of Harris's traverse is devoted to re-stating his claims on the merits, and in so doing responding to arguments that were not made by the State, he also asserts that he should be entitled to equitable tolling. In that regard, he maintains that because he suffers from lupus, which, he contends, required him to make numerous trips to a distant prison medical facility for treatment, he was thus "delayed" in filing his habeas petition in a timely manner.[7]

For the reasons that follow, I will recommend that this petition be dismissed as time-barred.

## Facts

Because this matter turns on the timeliness of the present petition, the background facts relevant to the present motion are simply and briefly stated.

---

[5] ECF # 1 at 5, 6 and 8.

[6] ECF # 7 at 10.

[7] ECF # 12 at 15. This assertion was also central to a motion by Harris requesting the State to produce the records showing the dates when he was hospitalized for lupus. ECF # 11. That motion was denied because in the single-page motion Harris provided no basis for concluding that mere hospitalization would have necessarily precluded him from timely filing his habeas petition and because Harris did not provide any evidence of what he did to diligently pursue his claim while not hospitalized. ECF # 13. Nonetheless, the order specified that the denial was without prejudice to the motion being reasserted, presumably with the noted defects addressed. Nevertheless, no such reassertion has been filed in almost a month since the initial motion was denied.

The case arises out of multiple instances of sexual conduct by Harris with his stepdaughter, who was six years old at the time.[8] After two indictments were consolidated for trial,[9] a combined bench/jury trial was held at which the victim and Harris both testified.[10] As noted above, in 2009 Harris was convicted and sentenced to an aggregate term of 30 years to life in prison.[11]

Harris then timely filed a direct appeal,[12] to which the State filed a brief in opposition.[13] The Ohio appeals court in 2010 overruled all assignments of error.[14] Harris timely filed a *pro se* notice of appeal with the Ohio Supreme Court[15] and a memorandum in support of jurisdiction,[16] to which the State waived a response.[17] On August 25, 2010, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal.[18]

---

[8] ECF # 7, Attachment at 151-53 (state court record).

[9] *Id.*, at 150-51.

[10] *Id.*

[11] *Id.*, at 149-51.

[12] *Id.*, at 74-123.

[13] *Id.*, at 124-146.

[14] *Id.*, at 147-165

[15] *Id.*, at 166-167.

[16] *Id.*, at 168-184.

[17] *Id.*, at 185.

[18] *Id.*, at 186.

While the direct appeal process was pending, Harris, in 2009, moved the trial court to vacate or set aside judgment[19] and in the appeals court for a writ of procedendo.[20] Within months, the motion to vacate was denied,[21] and the motion for the writ was dismissed,[22] and no appeal was taken in either instance.[23]

Harris filed the present petition for a writ of habeas corpus on June 21, 2013.[24] In that petition he raises the following three grounds for habeas relief:

> GROUND ONE: The Trial Court Abused its discretion By finding that An eight yr old Victim would be Competent to Testify At Trial Thus prejudicing the defendant of a fair Trial.[25]
>
> GROUND TWO: The Court allowed improper Hearsay Evidence into Trial And Deprived the defendant of his Right to effective Counsel.[26]
>
> GROUND THREE: The State provided No Evidence to convict Defendant of Crimes Charged Against defendant. Defendant Requested Discovery packet State failed to provide.[27]

---

[19] *Id.*, at 187-194.

[20] *Id.*, at 197-200.

[21] *Id.*, at 195.

[22] *Id.*, at 207-212.

[23] *See*, *id.*, at 213-18 (state docket sheet).

[24] ECF # 1 at 13. This is the date Harris placed the petition in the prison mail system and so is deemed the date of filing. The petition was actually placed on the docket of this Court on July3, 2013.

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.* at 8.

As noted, the State now moves to dismiss the petition as untimely, arguing that Harris's conviction in this matter became final on November 23, 2010 – or 90 days after the Ohio Supreme Court affirmed that conviction on August 25, 2010.[28] Thus, the State argues Harris had until November 23, 2011, to file for federal habeas relief, which makes the present petition, filed on June 21, 2013, untimely by almost two years.[29]

Harris, in his traverse, argues that because he was required to make 20 trips to a distant prison medical facility for treatment of lupus, he was not able to comply with the rule for timely filing.[30]

## Analysis

### A.    Standard of review – habeas time limitation and equitable tolling

AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances.[31] But a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[32] Equitable tolling

---

[28] ECF # 7 at 10.

[29] *Id.*

[30] ECF # 12 at 15.

[31] *See*, *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[32] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir.2010) (quoting *Holland*, 560 U.S. at 644-648).

should be applied "sparingly"[33] and decided on a "case-by-case basis."[34] Further, although "the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run," the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling.[35]

**B.     Application of standard – the petition should be dismissed as untimely**

As the Sixth Circuit teaches, it remains the ultimate burden of the person asserting equitable tolling to persuade the court that he or she is entitled to such tolling.[36] While a petitioner's mental incompetence, if shown to have prevented the timely filing of a habeas petition, may constitute an "extraordinary circumstance" that would justify equitable tolling,[37] Harris has not alleged that he was mentally or emotionally[38] precluded from filing his habeas petition in this case.

At best, Harris contends that his lupus condition required that he make 20 trips of 100 miles round trip[39] to a corrections department medical facility for treatment and that such treatment visits delayed the timely filing of his petition and so entitles him to equitable

---

[33] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

[34] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (reversed on other grounds).

[35] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[36] *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted).

[37] *Id.*

[38] *See*, *Bolarinwa v. Williams*, 593 F.3d 226, 229-30 (2d Cir. 2010).

[39] The 100 miles alleged by Harris is the distance between the prison in Mansfield and the medical facility in Columbus.

tolling.[40] As noted, Harris sought the production of his hospital records.[41] But, as I observed in denying that motion, evidence of the raw number of visits alone is not evidence of any impediment to filing sufficient to establish a basis for equitable tolling or a basis to hold an evidentiary hearing.

First, Harris makes no allegation as to when any of the these treatment visits occurred. Visits made after the expiration of the limitations period would have no effect on the running of the period itself, nor would any visits prior to the commencement of the limitations period. Next, Harris makes no allegations as to the length of individual treatment visits. Finally, Harris has not made any showing of what he did during the one-year period between November 23, 2010, and November 23, 2011, to establish that he was diligently pursuing his rights to file a timely petition for habeas relief.

Even assuming that all of the 20 treatment visits alleged by Harris took place during the one-year period between November 23, 2010, and November 23, 2011 [a fact that has not actually been alleged], and that all 20 visits required a full week to complete with travel time and treatment time combined [again, Harris made no allegation as to the length of any treatment visit], this would only potentially expand the applicable limitations period by 20 weeks. Given that Harris is untimely by a full 70 weeks, or more than three times as long,

---

[40] Although Harris does not specifically assert equitable tolling by name, a fair reading of his traverse shows that is what he is claiming.

[41] ECF # 7.

Harris has not alleged – either in the original motion or in the traverse – sufficient reason to compel the production of his treatment records nor to hold an evidentiary hearing.[42]

Moreover, since the presence of a chronic disease or condition is not itself a basis for equitable tolling,[43] Harris has not shown why merely having lupus should entitle him to equitable tolling. Finally, as also noted earlier, Harris has not shown or alleged any facts that would establish that he was diligently pursuing the filing of a timely federal habeas petition during that portion of the relevant period when he was not being treated at an outside facility for lupus.

## Conclusion

Accordingly, for the foregoing reasons, I recommend that the petition of Michael Harris for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as untimely.

Dated: October 31, 2014                s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

---

[42] *See*, *Swichkow v. United States*, 565 F. App'x 840, 845 (11th Cir. 2014). Petitioner in a § 2255 case who filed 15 days past the one-year limitations period and could show that he was hospitalized on nine occasions for a total of 34 days for treatment of bladder cancer, renal issues, and heart failure, was entitled to have his claim for equitable tolling considered by the district court. *See also*, *Ata*, 662 F.3d at 743-44. Allegations, supported by a § 2254 petitioner's affidavit, that not only had he been hospitalized for paranoid schizophrenia during the applicable time period but "continues to be medicated" for that condition and that he made "every attempt known to me to diligently prepare my appeal" were sufficient to hold a hearing on whether petitioner was entitled to equitable tolling on allegations that he was incapacitated for "the period in question."

[43] *Mazola v. U.S.*, 294 F. App'x 480, at *2 (11th Cir. 2008) (equitable tolling allowed for the days a § 2255 petitioner was hospitalized but not for the time petitioner was suffering from chronic condition but not hospitalized).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[44]

---

[44] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).