UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Harris,** | ) | **CASE NO. 1:13 CV 1454** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Terry Tibbals, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 14) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

Petitioner is incarcerated following his convictions at bifurcated bench and jury trials. The Magistrate Judge found the Petition, which raises three grounds for relief, to be untimely. This Court agrees.

Under the AEDPA, petitioner had one year to file his Petition from the date his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. Petitioner's conviction became final on November 23, 2010- 90 days after the Ohio Supreme Court affirmed his conviction on August 25, 2010. Therefore, petitioner had until November 23, 2011 to file his Petition. This Petition was filed on July 3, 2013 (and placed in the prison mail system on June 21, 2013), more than one year later than it was due.

The Magistrate Judge rejected petitioner's contention that he is entitled to equitable tolling because he made 20 trips of 100 miles round trip to a corrections department medical facility for treatments of lupus which delayed the timely filing of the petition. Petitioner had made no allegations of when the trips occurred or the length of the visits. Nor had petitioner made any showing that he was diligently pursuing his rights during the one year period. The Magistrate Judge even assumed that all the trips took place during the applicable one year period and required a full week each time, and still the limitations period would not have expanded beyond 20 weeks.

In his objections, petitioner asserts that the law library may also have contributed to his delay in filing in a timely manner because it was closed on some days due to a lock down

2

of the prison. Petitioner also states that he has contacted medical staff who have informed him that he may only obtain his medical records through the Attorney General's office or by court order, and that he will request this Court to supplement the records once this information is received.

Again, petitioner makes no showing of how he was diligently pursuing his rights from November 23, 2010 through November 23, 2011, or how extraordinary circumstances delayed the filing of the Petition for another year and seven months. *See Anderson v. Brunsman*, 562 Fed.Appx. 426 (6th Cir. 2014) (citations omitted) (Petitioner did not "persuade the court of his diligence or that these are the kind of extraordinary circumstances entitling a petitioner to such rarely granted relief.")

For these reasons, the Court finds the Petition to be untimely.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 12/17/14